UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOHNI SEMMA,

        Defendant.
_____/

Crim. Case No. 18-20516

Paul D. Borman
United States District Judge

# ORDER GRANTING "GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM ARGUING OR PRESENTING EVIDENCE AS TO POSSIBLE ADMINISTRATIVE OR CIVIL REMEDIES INSTEAD OF CRIMINAL PROSECUTION

Defendant was indicted on 24 counts of failure to pay over trust fund taxes, in violation of Title 26 U.S.C. §7202, and one count of willful failure to file a federal tax return in violation of 26 U.S.C. §7203.

On March 21, 2019, the Government filed the instant motion. On March 4, 2019, Defendant filed a response.

The Supreme Court held in *Slodov v. United States*, 436 U.S. 238, 244-245 (1978) that, pursuant to 26 U.S.C. §§7202 and 7215, the Internal Revenue Service can seek criminal penalties for willful failure to collect or truthfully account for a

1

pay over trust-fund taxes, and further that the officers of the employer who willfully fail to do so are personally liable. That the IRS also has alternative civil avenues available to pursue is not a defense to a criminal prosecution, nor is it admissible relevant evidence under Federal Rule of Evidence 401.

*United States v. Stephens*, 148 Fed. Appx 385, 388 (6th Cir. 2005), (Judges Cornelia Kennedy, Eric Clay, and Ronald Gilman) held the district court was correct in preventing defense counsel from pursuing "a line of questioning attempting to establish that a tax evader who is not indicted for tax evasion would nonetheless be subject to civil tax assessment proceedings." The Sixth Circuit cited to its decision in *United States v. Burkhart*, 501 F.2d 993, 996-997 (6th Cir. 1974): "The rule is that 'the matter of civil liability is not an issue when the jury is determining a defendant's criminal liability for tax evasion' [Burkhart] at 996." *Stephens* at 390.

The Court further bars Defendant from presenting evidence, discussions, or argument that the history of civil examinations of Mr. Semma and his response to those examinations shows a lack of willfulness to violate the tax code or a lack of purposeful intent to evade his tax obligations.

Accordingly, the Court GRANTS the Government's motion to preclude the defendant from arguing or presenting evidence as to the availability of various IRS

administrative and civil remedies, or his state of mind during and as to those civil investigations.

SO ORDERED.

DATED: MAY 0 2 2019

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE