IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

        v.

D-1 JOHNI SEMMA

_____/

Criminal No. 18-CR-20516
Honorable Paul D. Borman

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant Johni Semma and the government agree as follows:

## 1.  GUILTY PLEA

### A.  Count of Conviction

Defendant will enter a plea of guilty to Counts Twenty-Three and Twenty-Five of the Indictment.   Count Twenty-Three charges the defendant with willful failure to collect and pay over employment taxes in violation of 26 U.S.C. § 7202 for which the maximum penalty is five years imprisonment; three years supervised release; a $250,000 fine or, alternatively, twice the pecuniary loss; and a $100 special assessment.   Count Twenty-Five charges the defendant with willful

16692910.1

failure to file a tax return in violation of 26 U.S.C. § 7203 and for which the maximum penalty is one year imprisonment, one year supervised release; a $100,000 fine; and a $25 special assessment.

**B.** **Elements of Offense**

The elements of willful failure to collect and pay over employment taxes are

1. Defendant had a duty to collect, truthfully account for, and pay over federal income tax and social security taxes that the defendant was required to withhold from the wages of employees for the calendar quarter in question;

2. Defendant failed to collect or truthfully account for and pay over federal income and social security taxes that the defendant was required to withhold from the wages of employees for the calendar quarter in question; and

3. Defendant acted willfully.

The elements of willful failure to file a tax return are:

1. Defendant was required to file an income tax return;

2. Defendant failed to file an income tax return for the tax year in question

16692910.1

at the time required; and

3.   Defendant's failure to file an income tax return for the tax year in

question was willful.

**C.   <u>Factual Basis for Guilty Plea</u>**

The following facts are a sufficient and accurate basis for the defendant's

guilty plea:

The defendant, JOHNI SEMMA, who at relevant times was a resident of

Walled Lake, Michigan, owned Blue Marlin, LLC and Coliseum Bar and Grill, Inc.

Blue Marlin, LLC owned Bayside Sports Bar & Grille, a restaurant in Walled Lake,

Michigan.   Coliseum Bar and Grill, Inc. owned an adult entertainment facility in

Detroit, Michigan.

From 2008 through the first quarter of 2015, the defendant failed to collect

and pay over to the Internal Revenue Service the employment taxes for Bayside

Sports Bar & Grille.   The defendant routinely failed to file Employer's Quarterly

Federal Tax Forms (Forms 941) with the IRS and also routinely failed to pay over to

the IRS all of the employment taxes for employees of Bayside Sports Bar & Grille.

The tax loss from the defendant's failure to pay the employment taxes is

16692910.1

approximately $1,330,467.

In 2012, the defendant caused the Coliseum Bar and Grill, Inc. to sell the Coliseum adult entertainment facility for approximately $5,900,000.   Nevertheless, the defendant failed to file a 2012 individual income tax return for himself.   The tax loss from the defendant's failure to file a 2012 tax return is $463,304.

The total tax loss from the defendant's payroll tax violations and failure to file his individual tax return was $1,793,771.

## 2.    SENTENCING GUIDELINES

### A.    Standard of Proof

The Court will find sentencing factors by a preponderance of the evidence.

### B.    Tax Loss

The parties agree and stipulate that the approximate tax loss caused by the defendant's failure to file corporate and individual income tax returns is more than $1,500,000 and less than $3,500,000.   The offense level for the tax fraud is therefore level 22.

16692910.1

**C.    Acceptance of Responsibility**

The parties agree and stipulate that, as of the date of this agreement, the defendant has demonstrated timely acceptance of responsibility for his offense making the defendant eligible for a 3-level downward adjustment under Guideline Section 3E1.1(a) & (b).   The defendant's offense level after acceptance of responsibility is a level 19.

**D.    Agreed Guideline Range**

Except as provided below, the defendant's guideline range is 30 to 37 months, as set forth on the attached worksheets.   If the Court finds that:

(a) the defendant's criminal history category is higher than reflected on the attached worksheets, or

(b) the offense level should be higher because, after pleading guilty, the defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offenses; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than 30 to 37 months, the

16692910.1

higher guideline range becomes the agreed range.   However, if the Court finds that the defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does *not* authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections a) and b), above.

## 3.   **SENTENCE**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

### A.   **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2(D).

- 6 -

16692910.1

**B.**     **Supervised Release**

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release.    In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is three years. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

**C.**     **Special Assessment**

Defendant will pay a special assessment of $125 and must provide the government with a receipt for the payment before sentence is imposed.

**D.**     **Fine**

The Court may impose a fine on the count of conviction in any amount up to $100,000 which is the maximum for the offense level of 19 under the Sentencing Guidelines.

**E.**     **Restitution to the Internal Revenue Service**

1.      Defendant agrees to pay restitution to the Internal Revenue Service in the total amount of $1,793,771, pursuant to 18 U.S.C. § 3663(a)(3).

- 7 -

2.     Defendant agrees that the total amount of restitution reflected in this agreement results from defendant's fraudulent conduct.

3.     Defendant agrees to pay Title 26 interest on the restitution amount; interest runs from the last date prescribed for payment of the relevant tax liability until the IRS receives payment in full.

4.     Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States.   If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.   The IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). Defendant does not have the right to challenge the amount of this restitution-based assessment. See 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment.

- 8 -

16692910.1

5.     Defendant is entitled to receive credit for restitution paid pursuant to this plea agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. Defendant understands and agrees that the plea agreement does not resolve the defendant's civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from the defendant relating to the conduct covered by this plea agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise the defendant's obligation to pay any remaining civil tax liability. Defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution based assessments.

6.     Defendant understands that he is not entitled to credit with the IRS for any payment until the payment is received by the IRS.

7.     If full payment cannot be made immediately, the defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office. Defendant also agrees to

16692910.1

provide the above-described information to the probation office.

8.　　If the defendant makes a payment of the restitution agreed to prior to sentencing, the payment will be applied as a credit against the restitution ordered.

9.　　Defendant agrees to send all payments made pursuant to the Court's restitution order to the Clerk of the Court at the following address:

> Theodore Levin U.S. Courthouse
> 231 W. Lafayette Blvd., Room 564
> Detroit, MI 48226

10.　　With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, the defendant will provide the following information:

> A.　　Defendant's name and Social Security number;
>
> B.　　The District Court and the docket number assigned to this case;
>
> C.　　Tax year(s) or period(s) for which restitution has been ordered; and
>
> D.　　A statement that the payment is being submitted pursuant to the District Court's restitution order.

Defendant agrees to include a request that the Clerk of the Court send the

16692910.1

information, along with Defendant's payments, to the IRS address below:

> IRS - RACS
> Attn: Mail Stop 6261, Restitution
> 333 W. Pershing Ave.
> Kansas City, MO 64108

11. Defendant also agrees to send a notice of any payments made pursuant to this agreement, including the information listed in the previous paragraph, to the IRS at the following address:

> IRS - RACS
> Attn: Mail Stop 6261, Restitution
> 333 W. Pershing Ave.
> Kansas City, MO 64108

**E.    Filing Delinquent and Amended Individual Income Tax Returns**

The defendant agrees that at least 30 days prior to sentencing he will file with the IRS accurate individual income tax returns, amended individual income tax returns, or other documents acceptable to the IRS, for the years 2013 through 2017. The defendant further agrees that he will make full payments of any taxes owing thereon or make satisfactory payment arrangements with the IRS. The defendant shall thereafter cooperate fully with the IRS in determining defendant's corrected tax liability and any assessed penalties and applicable interest with the IRS.

16692910.1

5. **USE OF WITHDRAWN GUILTY PLEA**

If the Court allows the defendant to withdraw his guilty plea for a fair and just reason pursuant to Fed. R. Crim. P. 11(d)(2)(B), the defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

6. **EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2.D.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Paragraph 2.D.   This is the only reason for which the defendant may withdraw from this agreement.   The Court shall advise the defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Paragraph 2.D.

7. **RIGHT TO APPEAL**

If the sentence imposed does not exceed the maximum allowed by Paragraph

16692910.1

2.D. of this agreement, the defendant waives any right he has to appeal his

conviction or sentence, including waiving any argument that the statutes to which

the defendant is pleading guilty are unconstitutional or the admitted conduct does

not fall within the scope of the statutes.   If the sentence imposed is within the

guideline range determined pursuant to Paragraph 2.D., the government agrees not

to appeal the sentence, but retains its right to appeal any sentence below that range.

Nothing in this agreement precludes the defendant from filing a claim of ineffective

assistance of counsel pursuant to 28 U.S.C. § 2255.

## 8.   CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA OR VACATION OF CONVICTIONS

If the defendant is allowed to withdraw his guilty plea or if any conviction

entered pursuant to this agreement is vacated, the Court shall, on the government's

request, reinstate any charges that were dismissed as part of this agreement.   If

additional charges are filed against the defendant within six months after the date the

order vacating the defendant's conviction or allowing him to withdraw his guilty

pleas becomes final, which charges relate directly or indirectly to the conduct

underlying the guilty pleas or to any conduct reflected in the attached worksheets,

the defendant waives his right to challenge the additional charges on the ground that

16692910.1

they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 9.   PARTIES TO PLEA AGREEMENT

Unless otherwise indicated, this agreement does not bind any government agency except the United States Department of Justice, Tax Division and the United States Attorney's Office for the Eastern District of Michigan.

## 10.   SCOPE OF PLEA AGREEMENT

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties.   It supersedes all other promises, representations, understandings, and agreements between the parties concerning the subject matter of this plea agreement that are made at any time before the guilty plea is entered in court.   Thus, no oral or written promises made by the government to the defendant or to the attorney for defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

This agreement does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or

16692910.1

any other party

## 11.    **ACCEPTANCE OF AGREEMENT BY DEFENDANT**

This plea agreement expires unless it has been received, fully signed, at the

Tax Division, United States Department of Justice by 5:00 P.M. on August 19, 2019.

The government reserves the right to modify or revoke this offer at any time before

the defendant pleads guilty.

MATTHEW SCHNEIDER
*United States Attorney*


KENNETH C. VERT
TRIAL ATTORNEY
DEPARTMENT OF JUSTICE
TAX DIVISION


BRITTNEY CAMPBELL
TRIAL ATTORNEY
DEPARTMENT OF JUSTICE
TAX DIVISION

16692910.1

By signing below, the defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms.   He also acknowledges that he is satisfied with his attorneys' advice and representation.   The defendant agrees that he has had a full and complete opportunity to confer with his lawyers, and has had all of his questions answered by his lawyers.

_____
Eric Nemeth, Esq.
Attorney for Defendant

_____
Johnni Semma
Defendant

Date:        AUG 2 8 2019

- 16 -

16692910.1

| Defendant: | Johni Semma | Counts: | Twenty-Three and Twenty-Five |
|---|---|---|---|
| Docket No.: | 18-cr-20516 | Statute(s): | 26 U.S.C. Section 7202 - Employment Tax<br>26 U.S.C. Section 7203 – Failure to File Tax Return |
| | | | |

## WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D.  However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

1. **BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)**

| Guideline Section | Description | Levels |
|---|---|---|
| 2T1.1(a)(1)&2T4.1(G) | Tax loss more than $1,500,000 but less than $3,500,000 | 22 |
| | | |
| | | |
| | | |
| | | |

2. **ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)**

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |

A-1

| Defendant: | Johni Semma | Counts: | Twenty-Three and Twenty-Five |
|---|---|---|---|
| Docket No.: | 18-cr-20516 | Statute(s): | 26 U.S.C. Section 7202 - Employment Tax<br>26 U.S.C. Section 7203 – Failure to File Tax Return |
| | | | |

3.   **ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

\* \* \* \* \* \* \* \*

*If this is the only Worksheet A, check this box and skip Worksheet B.*    X

*If the defendant has no criminal history, check this box and skip Worksheet C.*    X

A-2

| Defendant: | Johni Semma | Counts: | Twenty-Three and Twenty-Five |
|---|---|---|---|
| Docket No.: | 18-cr-20516 | Statute(s): | 26 U.S.C. Section 7202 - Employment Tax<br>26 U.S.C. Section 7203 – Failure to File Tax Return |
| | | | |

## **WORKSHEET B (Multiple Counts)**

### **Instructions (U.S.S.G. ch. 3, pt. D):**

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

**1. GROUP ONE: COUNT(S)**
   ADJUSTED OFFENSE LEVEL _____         unit

**2. GROUP TWO: COUNT(S)**
   ADJUSTED OFFENSE LEVEL _____         unit

**3. GROUP THREE: COUNT(S)**
   ADJUSTED OFFENSE LEVEL _____         unit

**4. GROUP FOUR: COUNT(S)**
   ADJUSTED OFFENSE LEVEL _____         unit

**5. TOTAL UNITS**                            units

B-1

| Defendant: | Johni Semma | Counts: | Twenty-Three and Twenty-Five |
|---|---|---|---|
| Docket No.: | 18-cr-20516 | Statute(s): | 26 U.S.C. Section 7202 - Employment Tax<br>26 U.S.C. Section 7203 – Failure to File Tax Return |
| | | | |

**6.     INCREASE IN OFFENSE LEVEL**

1 unit ⟶ no increase     2 1/2 – 3 units ⟶ add 3 levels

1 1/2 units ⟶ add 1 level   3 1/2 – 5 units ⟶ add 4 levels

2 units ⟶ add 2 levels     > 5 levels ⟶ add 5 levels

**7.     ADJUSTED OFFENSE LEVEL OF GROUP**
**WITH THE HIGHEST OFFENSE LEVEL**

**8.     COMBINED ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 6 and 7.



B-2

| Defendant: | Johni Semma | Counts: | Twenty-Three and Twenty-Five |
|---|---|---|---|
| Docket No.: | 18-cr-20516 | Statute(s): | 26 U.S.C. Section 7202 - Employment Tax<br>26 U.S.C. Section 7203 – Failure to File Tax Return |
| | | | |

## **WORKSHEET C (Criminal History)**

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):

### 1.    PRIOR SENTENCES

**Prior Sentence of Imprisonment Exceeding 13 Months**                    **3 POINTS**
**(U.S.S.G. §§ 4A1.1(a)):**

Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

**Prior Sentence of Imprisonment of at Least 60 Days**                    **2 POINTS**
**(U.S.S.G. §§ 4A1.1(b)):**

Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

**Other Prior Sentences**                    **1 POINT**
**(U.S.S.G. §§ 4A1.1(c)):**

Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant

C-1

| Defendant: | Johni Semma | Counts: | Twenty-Three and Twenty-Five |
|---|---|---|---|
| Docket No.: | 18-cr-20516 | Statute(s): | 26 U.S.C. Section 7202 - Employment Tax<br>26 U.S.C. Section 7203 – Failure to File Tax Return |
| | | | |

offense (taking into account relevant conduct   and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)). NOTE: No more than 4 points may be added under this item.

| **Date of Imposition** | **Status\*** | **Offense** | **Sentence** | **Release Date\*\*** | **Points** |
|---|---|---|---|---|---|
| _____ | __ | _____ | _____ | _____ | |
| _____ | __ | _____ | _____ | _____ | |
| _____ | __ | _____ | _____ | _____ | |
| _____ | __ | _____ | _____ | _____ | |

\*   If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\* A release date is required in only two situations:   (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; or (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses).

| Defendant: | Johni Semma | Counts: | Twenty-Three and Twenty-Five |
|---|---|---|---|
| Docket No.: | 18-cr-20516 | Statute(s): | 26 U.S.C. Section 7202 - Employment Tax<br>26 U.S.C. Section 7203 – Failure to File Tax Return |
|  |  |  |  |

**2.     COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.

**3.     PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence.   But enter no points where the sentences are considered related because the offenses occurred on the same occasion.   (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).)   Identify the crimes of violence and briefly explain why the cases are considered related. NOTE:  No more than 3 points may be added under this item.

**4.     TOTAL CRIMINAL HISTORY POINTS**
Enter the sum of the criminal history points entered in Items 1-4.

**5.     CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|:---:|:---:|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥ 13 | VI |

| Defendant: | Johni Semma | Counts: | Twenty-Three and Twenty-Five |
|---|---|---|---|
| Docket No.: | 18-cr-20516 | Statute(s): | 26 U.S.C. Section 7202 - Employment Tax<br>26 U.S.C. Section 7203 – Failure to File Tax Return |
| | | | |

## **WORKSHEET D (Guideline Range)**

**1.    (COMBINED) ADJUSTED OFFENSE LEVEL**

Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in item 8 of Worksheet B.

> 22

**2.    ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G. § 3E1.1)**

> -3

**3.    TOTAL OFFENSE LEVEL**

Enter the difference between Items 1 and 2.

> 19

**4.    CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

> I

**5.    CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. CH. 4, PT. B)**

a.    <u>Total Offense Level:</u>  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

b.    <u>Criminal History Category:</u> If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

D-1

| Defendant: | Johni Semma | Counts: | Twenty-Three and Twenty-Five |
|---|---|---|---|
| Docket No.: | 18-cr-20516 | Statute(s): | 26 U.S.C. Section 7202 - Employment Tax<br>26 U.S.C. Section 7203 – Failure to File Tax Return |
| | | | |

6. **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. CH. 5, PT. A)**
Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

30-37

months

| Defendant: | Johni Semma | Counts: | Twenty-Three and Twenty-Five |
|---|---|---|---|
| Docket No.: | 18-cr-20516 | Statute(s): | 26 U.S.C. Section 7202 - Employment Tax<br>26 U.S.C. Section 7203 – Failure to File Tax Return |
| | | | |

7.   **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**
If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.



months

| Defendant: | Johni Semma | Counts: | Twenty-Three and Twenty-Five |
|---|---|---|---|
| Docket No.: | 18-cr-20516 | Statute(s): | 26 U.S.C. Section 7202 - Employment Tax<br>26 U.S.C. Section 7203 – Failure to File Tax Return |
| | | | |

### WORKSHEET E (Authorized Guideline Sentences)

**1. PROBATION**

a.   <u>Imposition of a Term of Probation</u> (U.S.S.G. § 5B1.1)

[x]  1.   Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

[ ]  2.   Probation is authorized by the guidelines (minimum of guideline range = zero months).

[ ]  3.   Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

b.   <u>Length of Term of Probation</u>  (U.S.S.G. § 5B1.2)

[ ]  1.   At least 1 year but not more than 5 years (total offense level ≥ 6)

[ ]  2.   No more than 3 years (total offense level < 6).

c.   Conditions of Probation (U.S.S.G. § 5B1.3)

**2. SPLIT SENTENCE (U.S.S.G. § 5C1.1(C)(2), (D)(2))**

[X]  a.   A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).

[ ]  b.   A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months). The authorized length of the term of supervised release is set forth below in Item 4.b.

E-1

| Defendant: | Johni Semma | Counts: | Twenty-Three and Twenty-Five |
|---|---|---|---|
| Docket No.: | 18-cr-20516 | Statute(s): | 26 U.S.C. Section 7202 - Employment Tax<br>26 U.S.C. Section 7203 – Failure to File Tax Return |
|  |  |  |  |

3.    **IMPRISONMENT (U.S.S.G. CH. 5, PT. C)**

A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

4.    **SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)**

a.    <u>Imposition of a Term of Supervised Release (U.S.S.G. § 5D1.1)</u>
The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

b.    <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)

☐   1.    At least 2 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

☒   2.    At least 1 year but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

☐   3.    1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

☐   4.    The statute of conviction requires a minimum term of supervised release of _____ years.

c.    <u>Conditions of Supervised Release</u> (U.S.S.G. § 5D1.3)
The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5.    **RESTITUTION (U.S.S.G. § 5E1.1)**

☐   1.    The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.

| Defendant: | Johni Semma | Counts: | Twenty-Three and Twenty-Five |
|---|---|---|---|
| Docket No.: | 18-cr-20516 | Statute(s): | 26 U.S.C. Section 7202 - Employment Tax<br>26 U.S.C. Section 7203 – Failure to File Tax Return |
| | | | |

2.   The court *must* order full restitution to the victim(s) of the offense(s) of conviction.  (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is _____

E-3

| Defendant: | Johni Semma | Counts: | Twenty-Three and Twenty-Five |
|---|---|---|---|
| Docket No.: | 18-cr-20516 | Statute(s): | 26 U.S.C. Section 7202 - Employment Tax<br>26 U.S.C. Section 7203 – Failure to File Tax Return |
|  |  |  |  |

[X] 3. The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $1,793,771.

(*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

[ ] 4. The parties agree that the court ***may also*** order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

[ ] 5. Restitution is not applicable.

6. **FINE (U.S.S.G. § 5E1.2)**

a. <u>Fines for Individual Defendants</u>

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b. <u>Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))</u>

**Minimum Fine**  **Maximum Fine**
$ 10,000    $ 100,000

E-4

| Defendant: | Johni Semma | Counts: | Twenty-Three and Twenty-Five |
|---|---|---|---|
| Docket No.: | 18-cr-20516 | Statute(s): | 26 U.S.C. Section 7202 - Employment Tax<br>26 U.S.C. Section 7203 – Failure to File Tax Return |
| | | | |

7.  **SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)**
    The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are:

    - $100.00 for every count charging a felony ($400 for a corporation),
    - $25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
    - $10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
    - $5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

    The defendant must pay a special assessment or special assessments in the total amount of $  125          .

8.  **FORFEITURE (U.S.S.G. § 5E1.4)**

    [ ] Assets of the defendant will be forfeited.   [X] Assets of the defendant will not be forfeited.

9.  **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**
    List any additional applicable guideline, policy statement, or statute.

    _____

    _____

    _____

10. **UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)**
    List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

    _____

    _____

    _____