UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No. 18-cr-20516
                                                District Judge Paul D. Borman

JOHNI SEMMA,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S APPEAL OF THE WARDEN'S DENIAL OF HIS CARES ACT REQUEST SEEKING HOME CONFINEMENT AND/OR COMPASSIONATE RELEASE FROM THE FEDERAL BUREAU OF PRISONS' MEDICAL CENTER (FMC), LEXINGTON, KY (ECF NO. 71)**

Defendant requests that this Court issue an Order to the Federal Bureau of Prisons/Warden at Federal Medical Center, Lexington, Kentucky, requiring his transfer to home confinement/compassionate release, based upon the Attorney General's March 26, 2020 Memorandum to the Bureau of Prisons requiring the use of home confinement in appropriate cases by identifying high risk individuals at risk for COVID-19. Defendant also notes follow-up Justice Department Memoranda on April 3, 2020, and April 21, 2021.

## BACKGROUND

On February 10, 2022, Semma requested compassionate release and/or a reduction in sentence due to COVID-19. The Warden denied his request.

1

Defendant requests that the Court modify his sentence to allow him to serve the remainder in home confinement or, in the alternative, grant him compassionate release. (*Id*. at PageID.488.)

Defendant contends that he is at high risk in the prison setting for the contraction of COVID-19. He is 55 years old. He further contends that in February 2020, prior to his incarceration, he had a heart attack, after which he received stents. He entered the Bureau of Prisons in 2021. Defendant also contends that he suffers from hypertension, autoimmune ulcerative colitis, sleep apnea, obesity, and rotator cuff surgery. All of these are under treatment/control at FMC Lexington. Defendant Semma contends now that he is unable to be vaccinated against COVID-19, because he had experienced serious reactions in the past to other vaccinations. (*Id*. at PageID.492.)

Defendant contends that he is further appropriate for release under the 18 U.S.C. § 3553(a) sentencing factors: he is a first-time non-violent offender, and neither poses a danger to the community, nor a risk of reoffending. (ECF No. 495.) Finally, Defendant contends that he has a home to return to upon release, and will obtain full health insurance coverage for his medical conditions. (*Id*.)

On March 18, 2022, the Government filed a Response in Opposition (ECF No. 72.) The Government notes that Defendant is scheduled to be transferred to a

2

half-way house on August 23, 2022, and to be released from custody on April 18, 2023.

The Government discussed the offenses that led to his conviction/incarceration: Defendant pled guilty to one count of willfully failing to collect or pay employment taxes for his employees in violation of 26 U.S.C. § 7202, and to one count of willfully failing to file a tax return in violation of 26 U.S.C. § 7203. The Government Response elaborated that for over eight years, Semma had failed to pay more than $1 million dollars of employment taxes withheld from his employees' wages, as well as the Company's own share of employment taxes. In particular, the Government noted that in 2012, after Semma received more than $3.5 million dollars from the sale of his adult entertainment facility, he failed to pay the employment taxes, and further failed to file a tax return and pay the taxes due from that sale.

## DISCUSSION

Defendant was sentenced to 24-months imprisonment, one year of supervised release, and ordered to pay restitution to the IRS $1,797,771.00. The Court recommended placement at FMC Lexington, as Semma requested based on his medical situation assertions. He began his sentence on August 6, 2021.

Upon Defendant Semma's arrival at FMC Lexington, he immediately requested compassionate release due to the COVID-19 virus. The Warden denied his request.

The Government Response points out, six days after Semma entered FMC Lexington, he was offered the COVID-19 vaccine, which he refused, not on the grounds that he'd experienced a previous adverse reaction to a past vaccine--his present claim. (Defendant's Response, ECF No. 72, at PageID.517.)

The Court cannot rewrite its sentence unless an appellate statute authorizes it, and it is justified in the instant case. The Court notes that there are no extraordinary or compelling reasons to grant a reduction in his sentence or to home confinement.

The Court notes that, as of April 28, 2022, FMC Lexington had 0 zero COVID-positive inmates, and 0 zero COVID-positive staff. (Per Joe McGuire, BOP Senior Regional Attorney, April 28, 2021.) Semma's scheduled release date is April 18, 2023.

## CONCLUSION

COVID-19 is not present at FMC Lexington. Defendant's medical conditions are under control at this medical center. He has served only a part of his well-deserved sentence because of his flagrant multiple violations of the tax laws.

The Court finds that Defendant Semma has not established any extraordinary and compelling reasons to reduce his sentence.

Even if Semma were to be unable to receive a vaccine because of personal medical reasons, he does not present any compelling reasons why the Court would otherwise abuse its discretion to deny his request. Presently there are no COVID-19 cases among prisoners or staff at FMC Lexington.

Finally, with regard to consideration of the 18 U.S.C. § 3553(a) factors, the Court concludes that they do not support a granting Semma's request(s). Semma brazenly cheated the United States IRS out of more than $1.7 million dollars when he had the money to pay the taxes owed, and then some. This conduct evidences his continuing contempt for the criminal laws of the United States. There is a need for Summa serving this 24-month sentence to reflect its seriousness, to promote his, and others, respect for the law, to provide just punishment for the offense, and to deter other people from committing such offense(s). The Court also finds that given the facts underlying his convictions, there is a potential that he would continue such activity in the future if released early.

Accordingly, the Court DENIES his request for home confinement and/or compassionate release.

SO ORDERED.

DATED: May 4, 2022

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE